UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

CLIFTON SMITH,

    Plaintiff,

                            Case No.

v.

                            Hon.

JOHN DOE 1,
in his individual and representative capacity,
JOHN DOE 2,
in his individual and representative capacity, and
CITY OF DETROIT,
a Municipal entity,

    Defendants.
_____

AYANNA D. HATCHETT (P70055)
ARISTIDI D. PAPAIOANNOU (P81049)
VEN R. JOHNSON (P39219)
Counsel for Plaintiff
The Buhl Building
535 Griswold, Ste. 2600
Detroit, MI  48226
(313) 324.8300/Fax: (313) 324-8301
ahatchett@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com
apapaioannou@venjohnsonlaw.com
_____

**COMPLAINT & JURY DEMAND**

There is no other pending civil action arising out of the same transaction or occurrence alleged in this complaint.

                      */s/ Ayanna D. Hatchett*
                      AYANNA D. HATCHETT (P70055)

**NOW COMES** Plaintiff, CLIFTON SMITH, through his counsel, JOHNSON LAW, PLC and for his complaint against the defendants states as follows:

1

1. This action arises under the United States Constitution and the laws of the United States, and 42 U.S.C §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has original jurisdiction over the claims raised in this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C §§ 1983 and 1988.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C.§1391(c)(2) because the defendants reside and/or serve within the bounds of the Eastern District of Michigan and the acts or omissions alleged in this Complaint occurred in Wayne County, Michigan.

4. At all times relevant to this lawsuit, Plaintiff, Clifton Smith ("Plaintiff" or "Clifton") was a resident in the State of Michigan.

5. At all times relevant to this lawsuit, Defendant City of Detroit ("The City") was a municipal corporation, duly organized in carrying on governmental functions in the City of Detroit, in Wayne County, Michigan.

6. Defendant, John Doe 1, whose name is unknown to Plaintiff as of the filing of this complaint, is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a police officer with the Detroit Police Department, in the State of Michigan.

7. At all times relevant to this lawsuit, Defendant John Doe 1 acted under color of state law and is being sued in his/her individual and representative capacities.

8. Defendant, John Doe 2, whose name is unknown to Plaintiff as of the filing of this complaint, is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a supervising police officer with the Detroit Police Department, in the State of Michigan.

9. At all times relevant to this lawsuit, Defendant John Doe 2 acted under color of state law and is being sued in his/her individual and representative capacities.

10. The amount in controversy exceeds $75, 000.00 exclusive of costs, interest and attorney fees.

## COMMON ALLEGATIONS

11. At all times relevant to this lawsuit, John Doe 1, John Doe 2, and/or the City knew or had reason to know that Kenyel Brown ("Brown") had an extensive history of and propensity for violent conduct, noncompliance, and psychological/emotional instability.

12. At all times relevant to this lawsuit, John Doe 1, John Doe 2, and/or the City knew or had reason to know that Brown represented a danger to the public, as well as to Plaintiff in particular.

13. At all times relevant to this lawsuit, John Doe 1, John Doe 2, and or the City knew or had reason to know that Brown had an extensive and dangerous criminal history spanning from December 30, 1996 – October 29, 2019.

14. From December 30, 1996 – October 29, 2019, Brown was charged with and/or convicted of numerous crimes and felonies, including assaultive and/or violent crimes.

15. From December 30, 1996 – October 29, 2019, Brown was repeatedly incarcerated and repeatedly violated terms of court-ordered supervision arising out of crimes he had committed in numerous state and federal jurisdictions.

16. From December 30, 1996 – October 29, 2019, due to intervention by law enforcement agencies in exchange for his cooperation, Brown received favorable plea deals and/or sentences and was repeatedly discharged from court-ordered supervision, despite his rampant recidivism and failure to comply with orders from various courts.

17. From June 13, 2014 – October 29, 2019, Brown had a federal criminal action pending against him in the U.S. District Court for the Eastern District of Michigan.

18. During the pendency of the federal criminal action against him, Brown was charged, convicted, sentenced, re-charged, and re-sentenced.

19. During the pendency of the federal criminal action against him, Brown violated numerous court orders from the U.S. District Court for the Eastern District of Michigan and other jurisdictions.

20. On October 29, 2019, despite Brown's flagrant disregard for the rule of law and his extensive history of and propensity for violent conduct, noncompliance, and psychological/emotional instability John Doe 1, John Doe 2, and/or the City facilitated Brown's release from incarceration and/or court supervision.

21. On October 29, 2019, Brown was released from detention and/or court supervision by the U.S. District Court for the Eastern District of Michigan due to the intervention of John Doe 1, John Doe 2, and/or the City.

22. On or around October 29, 2019, John Doe 1, John Doe 2, and/or the City enlisted Brown to act as a confidential informant for a joint taskforce despite knowing or having reason to know that Brown had an extensive history of and propensity for violent conduct, noncompliance, and psychological/emotional instability.

23. On December 7, 2019, Brown shot and murdered Lauren Hattington in River Rouge, Michigan.

24. On January 29, 2020, Clifton was residing at a home in River Rouge, Michigan, and was present at the home with his girlfriend, Kimberly Green, Dorian Paterson, and Brown.

25. On that date, Brown asked Clifton if he could borrow money, and the request was denied.

26. Brown followed Clifton and Kimberly Green upstairs and repeated his request for money.

27. When Clifton denied Brown's second request for money, Brown pulled out a gun and shot Kimberly Green twice.

28. Brown then turned the gun on Clifton, shooting him twenty-three times before shooting Kimberly Green in the head.

29. Brown then went downstairs, murdered another person, and fled the scene.

30. Clifton suffered severe, permanent injuries that required extensive treatment, surgery, and rehabilitation.

## COUNT I: STATE CREATED DANGER – UNDER THE 14TH AMENDMENT & 42 U.S.C. §§ 1983, 1988 AGAINST JOHN DOE 1 AND JOHN DOE 2

31. Plaintiff reasserts and incorporates each of the allegations stated above.

32. As a citizen of the United States, Plaintiff was entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

33. Pursuant to the 14th Amendment of the United States Constitution, at all times relevant to the Complaint, Plaintiff had a clearly established right to be free from danger created or increased by the Defendants.

34. At all times relevant to this Complaint, Defendants were acting under the color of state law and created or increased a state created danger by facilitating Brown's release from detention and/or court supervision and by failing to properly supervise Brown themselves, despite knowing or having reason to know

that Brown had an extensive history of and propensity for violent conduct, noncompliance, and psychological/emotional instability.

35. The actions taken by Defendants were performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately, and indifferently to Plaintiff and in reckless disregard for his safety and the rights guaranteed to him by the 14th Amendment to the United States Constitution, 42 U.S.C. §1983 and §1988.

36. Defendants were acting under the color of state law when they deprived Plaintiff of his clearly established rights, privileges, and immunities, in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

37. Defendants exhibited deliberate indifference, pursuant to the 14th Amendment to the United States Constitution, by taking affirmative actions resulting in Plaintiff being less safe than he was before the action of each Defendant. Their actions created the danger and increased the risk of harm that Plaintiff would be exposed to private acts of violence.

38. All of the above alleged conduct substantially increased the risk of harm to Plaintiff, who was safer before Defendants took the affirmative acts described above.

39. The above-described conduct of Defendants was a proximate cause Plaintiff's injuries and damages, including but not limited to:

   a. Physical pain and suffering;

   b. Fright, shock, and terror leading up to the shooting;

   c. Emotional distress;

   d. Mental anguish;

   e. Denial of social pleasure and enjoyment;

   f. Disruption of his life;

   g. Embarrassment, humiliation and/or mortification;

   h. Past and future wage loss and/or earning capacity;

   i. Punitive damages;

   j. Exemplary damages;

   k. Attorney fees and costs pursuant to 42 U.S.C.§ 1988;

   l. Any other damages allowed by law; as well as

   m. Any other damages revealed through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

## COUNT II: FEDERAL CLAIM - MUNICIPAL LIABILITY –
## AGAINST THE CITY OF DETROIT

40. Plaintiff reasserts and incorporates each of the allegations stated above.

41. At all times relevant to this lawsuit, Plaintiff had a right under the due process clause of the state and federal constitutions not to be deprived of his life, liberty, or property.

42. At all times relevant to this lawsuit, the City did have and/or facilitated customs, policies and/or practices within its Police Department of using confidential informants improperly and/or without regard to the safety of its community.

43. John Doe 1 and/or John Doe 2's acts of facilitating Brown's discharge from incarceration and/or court supervision and failing to properly supervise Brown while working for the City's Police Department, violated Plaintiff's fundamental constitutional rights under the United States Constitution, and specifically the 4th, 8th and 14th Amendments.

44. At all times relevant to this lawsuit, the City did have a custom, policy and/or practice within its Police Department of failing to adequately vet and/or supervise confidential informants, as well as failing to adequately train members of their department on how to select, work with, and/or monitor informants.

45. At all times relevant to this lawsuit, the City did have a custom, policy and/or practice within its Police Department of failing to adequately supervise its members while working with an informant.

46. These failures, amongst others, both individually and collectively acted as the "moving force" behind the deprivation of Plaintiff's constitutional rights.

47. There is a direct causal link between the customs and/or practices of the City and the injuries that Plaintiff has suffered.

48. As a direct and proximate result of the City's customs, policies and/or practices and John Doe 1 and/or John Doe 2's misconduct, specifically, Plaintiff has suffered damages and will continue to suffer damages in the future, including but not limited to the following:

   a. Physical pain and suffering;

   b. Fright, shock, and terror leading up to the shooting;

   c. Emotional distress;

   d. Mental anguish;

   e. Denial of social pleasure and enjoyment;

   f. Embarrassment, humiliation and/or mortification;

   g. Past and future wage loss and/or earning capacity;

   h. Attorney fees and costs pursuant to 42 U.S.C.§ 1988;

   i. Any other damages allowed by law; as well as

   j. Any other damages revealed through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

### COUNT III: STATE CLAIM – GROSS NEGLIGENCE & WILLFUL/WANTON MISCONDUCT – AGAINST JOHN DOE 1 & JOHN DOE 2

49. Plaintiff reasserts and incorporates each of the allegations stated above.

50. Defendants had a duty to the general public and in particular to Plaintiff, to refrain from grossly negligent conduct.

51. Defendants breached their duty when they enlisted Brown as a confidential informant; aided in facilitating his discharge from incarceration and/or court supervised release; and by failing to properly supervise Brown themselves, despite knowing or having reason to know that Brown had an extensive history of and propensity for violent conduct, noncompliance, and psychological/emotional instability.

52. By using Brown as an informant, Defendants assured that Brown - a person with a history of and propensity for violent conduct, noncompliance, and psychological/emotional instability –was allowed to be amongst the general public without appropriate supervision.

53. Defendants' actions demonstrated a reckless disregard of his legal duties as well as substantial lack of concern for whether death or injury would result from their actions.

54. Likewise, Defendants' actions were willful and wanton as they demonstrated a malicious risk of harm and an indifference to the consequences of their actions.

55. Defendants' gross negligence, and/or willful and wanton misconduct, was the direct and proximate cause of the injury or damage to Plaintiff, including but not limited to:

   a. Physical pain and suffering;

   b. Fright, shock, and terror leading up to the shooting;

   c. Emotional distress;

   d. Mental anguish;

   e. Denial of social pleasure and enjoyment;

   f. Disruption of his life;

   g. Embarrassment, humiliation and/or mortification;

   h. Past and future wage loss and/or earning capacity;

   l. Any other damages allowed by law; as well as

   m. Any other damages revealed through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

                Respectfully submitted,

                **JOHNSON LAW, PLC.**

By:  /s/    Ayanna D. Hatchett
      AYANNA D. HATCHETT (P70055)
      VEN R. JOHNSON (P39219)
      ARISTIDI D. PAPAIOANNOU (P81049)
      Counsel for Plaintiff
      The Buhl Building
      535 Griswold, Ste.  2600
      Detroit, MI  48226
      (313) 324.8300/ Fax: (313) 324-8301

Dated:  January 27, 2023

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CLIFTON SMITH,

    Plaintiff,

                              Case No.

v.

                              Hon.

JOHN DOE 1,
in his individual and representative capacity,
JOHN DOE 2,
in his individual and representative capacity, and
CITY OF DETROIT,
a Municipal entity,

    Defendants.
_____
AYANNA D. HATCHETT (P70055)
ARISTIDI D. PAPAIOANNOU (P81049)
VEN R. JOHNSON (P39219)
Counsel for Plaintiff
The Buhl Building
535 Griswold, Ste. 2600
Detroit, MI  48226
(313) 324.8300/Fax: (313) 324-8301
ahatchett@venjohnsonlaw.com
apapaioannou@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com
_____

## JURY DEMAND

**NOW COMES** Plaintiff Clifton Smith, by and through his counsel, Johnson Law, PLC to respectfully demand a trial by jury.

14

        Respectfully submitted,

        **JOHNSON LAW, PLC.**

By:  */s/    Ayanna D. Hatchett*
       AYANNA D. HATCHETT (P70055)
       VEN R. JOHNSON (P39219)
       ARISTIDI D. PAPAIOANNOU (P81049)
       Counsel for Plaintiff
       The Buhl Building
       535 Griswold, Ste. 2600
       Detroit, MI 48226
       (313) 324.8300/ Fax: (313) 324-8301

Dated: January 27, 2023