UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON SMITH,

       Plaintiff,

v.

                                Case No. 23-10217

JOHN DOE 1, JOHN
DOE 2, and the CITY
OF DETROIT,

                                Hon. George Caram Steeh

       Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (ECF NO. 4)

Defendant City of Detroit seeks dismissal of Plaintiff's complaint. Because Plaintiff has failed to plead an essential element of his substantive due process claim, the court will dismiss his complaint in its entirety.

## BACKGROUND FACTS

Plaintiff Clifton Smith filed a complaint against the City of Detroit and two unknown officers, alleging constitutional and state tort claims. Smith alleges that Defendants facilitated the release of Kenyel Brown from detention and/or court supervision despite his extensive criminal history, recidivism, failure to comply with court orders, "propensity for violent conduct," and "psychological/emotional instability." ECF No. 1 at ¶ 20.

-1-

Plaintiff alleges that Defendants, while knowing Brown's history, arranged for his release on October 29, 2019, in order to use him as a confidential informant. While on release, Brown allegedly shot and murdered a woman in River Rouge, Michigan, on December 7, 2019.

On January 29, 2020, Smith was at home in River Rouge with Brown, Dorian Paterson, and Smith's girlfriend, Kimberly Green. Brown asked Smith if he could borrow some money, and Smith refused. Brown repeated his request, and when Smith refused a second time, Brown pulled out a gun and shot Green, and then shot Smith twenty-three times. Smith suffered severe, permanent injuries, requiring extensive treatment.

Smith's complaint alleges three counts: Count I, violation of the Fourteenth Amendment's substantive due process guarantee (against the individual defendants); Count II, municipal liability (against the City); and Count III, gross negligence (against the individual defendants). The City of Detroit has moved to dismiss the claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

LAW AND ANALYSIS

I.    Standard of Review

To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the

-2-

speculative level" and to "state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either

direct or inferential allegations respecting all the material elements to

sustain a recovery under some viable legal theory." *Advocacy Org. for*

*Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.

1999) (internal quotation marks omitted).

"Mere conclusions," however, "are not entitled to the assumption of

truth. While legal conclusions can provide the complaint's framework, they

must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff

must provide "more than labels and conclusions," or "a formulaic recitation

of the elements of a cause of action" to survive a motion to dismiss.

*Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

556 U.S. at 678.

II.    State-Created Danger

Plaintiff has alleged a municipal liability claim against the City

pursuant to 42 U.S.C. § 1983. In order to establish municipal liability under

§ 1983, a plaintiff must demonstrate a constitutional violation and point to a

municipal policy or custom that caused the violation. *See Monell v. Dept. of*

-3-

*Social Servs. of the City of New York*, 436 U.S. 658, 690 (1978). The City contends that the municipal liability claim must be dismissed because Plaintiff has not sufficiently alleged a constitutional violation. *See Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act.").

Plaintiff's underlying constitutional claim rests on the Fourteenth Amendment's guarantee that no state can deprive a person of life, liberty, or property without due process. U.S. Const. amend. XIV, § 1. "But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). In general, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.

The Sixth Circuit has recognized two exceptions to this rule. The first is referred to as the "special relationship" exception: "When the State has so restrained the liberty of the individual that it renders him unable to care for himself, the State has a special relationship with the individual and thus an affirmative duty to protect him." *Jones v. Reynolds*, 438 F.3d 685, 690

-4-

(6th Cir. 2006). The second exception, which is relevant here, is the "state-created danger" exception. *Id.* The elements of a state-created danger claim are "(1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff." *Id.* (citation omitted); *Estate of Romain v. City of Grosse Pointe Farms*, 935 F.3d 485, 492 (6th Cir. 2019) (recognizing "additional element" that the government's conduct "shocks the conscience"). This test imposes a "demanding standard" that is rarely met. *See Jones*, 438 F.3d at 690-91; *Romain*, 935 F.3d at 492 ("We therefore often reject allegations of a state-created danger.").

In this case, Plaintiff has failed to plead that Defendants' actions in facilitating Brown's release specifically placed him at risk. "A special danger exists where the state's actions place the victim specifically at risk, as distinguished from a risk that affects the public at large. In the only cases where we have recognized a 'state created danger,' the government could have specified whom it was putting at risk, nearly to the point of naming the

possible victim or victims." *Jones*, 438 F.3d at 696 (citation omitted).

Plaintiff has not alleged that he, as opposed to the general public, was

specifically placed at risk by Brown's release. When "the victim was not

identifiable at the time of the alleged state action/inaction, we have held

that a § 1983 suit may not be brought under the 'state created danger'

theory." *Id.* at 697; *see also Janan v. Trammell*, 785 F.2d 557, 560 (6th

Cir.1986) (holding that the release of an inmate on parole, who eventually

murdered a citizen, did not violate the Due Process Clause because "there

is [no] showing that the victim, as distinguished from the public at large,

faces a special danger"). Although Plaintiff alleges in a conclusory manner

that Brown posed a "particular" danger to him, he does not allege facts that

would plausibly raise such an inference. *See* ECF No. 1 at ¶ 12.

To be sure, the facts of this case are "undeniably tragic." *DeShaney*,

489 U.S. at 191. Unfortunately for Plaintiff, they do not constitute a

substantive due process violation and Defendants may not be held

constitutionally liable for the violent acts of a third party. Plaintiff's

constitutional claim against the Doe defendants and municipal liability claim

against the City must be dismissed.

Plaintiff's remaining claim of gross negligence against the Doe

defendants is based upon state law. It is generally appropriate for the court

to dismiss supplemental state claims when federal claims are dismissed under Rule 12(b)(6). *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). Accordingly, the court will dismiss Plaintiff's gross negligence claim without prejudice.

<u>ORDER</u>

IT IS HEREBY ORDERED that Defendant's motion to dismiss (ECF No. 4) is GRANTED, consistent with this opinion and order.

Dated: April 18, 2023                    s/George Caram Steeh
                                         HON. GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 18, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk